## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DERONTAY GLENNZELL GOOLSBY, :
                              :
                   **Plaintiff,**  :
v.                            :   **CASE NO. 5:16-CV-330-CAR-CHW**
                              :
**GEORGIA DEPARTMENT OF**        :
**CORRECTIONS**, *et al.*,        :
                              :
                   **Defendants.**  :
_____

## ORDER

In accordance with the Court's previous Order, *pro se* Plaintiff Derontay Glenzell Goolsby, a prisoner incarcerated at Macon State Prison in Oglethorpe, Georgia, has paid the required initial partial filing fee.  Plaintiff's claims are now ripe for preliminary review pursuant to 28 U.S.C. § 1915A.

## PRELIMINARY SCREENING

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  Having now done so, the Court finds that Plaintiff has failed to state any colorable constitutional claim against Defendants, and this case should therefore be **DISMISSED without prejudice.**

### I.      Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107,

1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims arise from injuries he suffered as the result of a slip and fall at the Macon State Prison. (Compl. 5, ECF No. 1.) According to the Complaint, on July 9, 2015, Defendant Hill, a prison guard, escorted him from the prison yard to the segregation unit where Plaintiff was housed. *Id.* Plaintiff alleges that Defendant Hill handcuffed him and then "rushed" him into the building. *Id.* Upon entering the building, Plaintiff "stopped" because he noticed there was "water all over the floor" where another inmate had flooded his cell. *Id.* Plaintiff alleges that Defendant Hill then "pushed [him] in [his] back and caused [him] to slip on the water that was all over the floor." *Id.* Plaintiff landed on his right shoulder, and Defendant Hill fell on top of him. *Id.* Plaintiff "started crying from the excruciating pain" and told Defendant Henderson, a prison sergeant, he thought his shoulder was broken and that his handcuffs had tightened to the point where his wrists were going numb. *Id.* at 6. At that point, Defendant Henderson radioed the medical department to come to Plaintiff's dorm. *Id.* Plaintiff states that he has had several surgeries on his right shoulder as the result of his fall and that he is "still suffering" from his injuries, and he seeks primarily compensatory damages from the named Defendants. *Id.* at 7-8.

3

### III.    Plaintiff's Claims

#### A.  Claims against the Georgia Department of Corrections

First, to the extent Plaintiff attempts to sue the Georgia Department of Corrections, Plaintiff's claims must fail.  The Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity.  *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983).  Accordingly, Plaintiff's § 1983 claims against the Georgia Department of Corrections must be **DISMISSED.**

#### B.  Excessive Force Claims against Defendants Hill and Henderson

Plaintiff alleges that Defendant Hill should be liable for the injuries he suffered as the result of Defendant Hill pushing him, causing him to slip and fall in the water on the floor.  Plaintiff may be attempting to assert an excessive force claim.  Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth Amendment and give rise to claims under § 1983.  *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although it is unfortunate that Plaintiff appears to have suffered serious injury as the result of his fall, Plaintiff's Complaint is devoid of any direct allegation—or any fact suggesting—that Defendant Hill maliciously and sadistically intended to cause harm by

pushing Plaintiff when Plaintiff stopped moving as Defendant Hill transported him back to his cell.  At most, Plaintiff alleges that Defendant Hill was "rush[ing]" and did not follow protocol by waiting for another officer to help him escort Plaintiff back to his cell. (Compl. 5, 7.)  These facts suggest Defendant Hill was at best merely negligent, and not deliberately indifferent as would be required to state a § 1983 claim.  *See, e.g., Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").  As such, Plaintiff's excessive force claims against Defendant Hill must be **DISMISSED without prejudice.**

Although Plaintiff names Defendant Henderson specifically in his facts and statement of claims, it is unclear how he believes Defendant Henderson violated his constitutional rights.  It appears from Plaintiff's allegations that when Plaintiff informed Defendant Henderson of his belief that his shoulder was seriously injured, Defendant Henderson contacted the prison's medical department to assist Plaintiff.  (Compl. 6.) This allegation, standing alone, does not demonstrate that Defendant Henderson violated any of Plaintiff's constitutional rights.  As such, Plaintiff's claims against Defendant Henderson related to Plaintiff's slip and fall should be **DISMISSED without prejudice.**

### C.  Supervisory Liability Claims against Defendants McLaughlin, Blakely, Jones, Sales, Eiddy, Grace, and Henderson

Plaintiff also names a number of supervisory prison officials as Defendants in this action:  Defendant McLaughlin, the prison warden; Defendant Blakely, the warden of security; Defendant Jones, the warden of care and treatment; Defendant Sales, the unit

manager; Defendant Eiddy, a captain; Defendant Grace, a lieutenant; and Defendant Henderson, the prison sergeant mentioned above. (Compl. 7.) Plaintiff essentially contends each of these Defendants should be liable for his injuries because they were responsible for inmate safety, failed to protect Plaintiff, and/or were unresponsive to Plaintiff's complaints. *See id.* Even if Plaintiff had sufficiently alleged a constitutional violation—which he has not in this case—he fails to state a claim against these supervisors. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff's Complaint does not allege that any of these Defendants personally participated in any decision-making regarding Plaintiff, had any customs or policies that could have led to Plaintiff's injuries, directed any of their subordinates to act unlawfully, or knew they were doing so, had an opportunity to act, and failed to stop them. The mere fact that a supervisor receives a complaint does not establish the supervisor's liability for

the allegedly unconstitutional conduct described in the complaint. *See, e.g., Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Smith v. Prine*, No. 7:09-CV-153 (HL), 2012 WL 2308639, at *4 (M.D. Ga. May 2, 2012) (filing a grievance does not alone show that a supervisor had subjective knowledge of a substantial risk of serious harm sufficient to impose § 1983 liability on the supervisor); *Nichols v. Burnside*, No. 5:11-CV-116 (MTT), 2011 WL 2036709, at *3 (M.D. Ga. Apr. 21, 2011) (same). Nor does the fact that Plaintiff allegedly complained about his treatment establish the kind of "widespread abuse" that is required to impose supervisory liability on a prison official. *See Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence). Thus, any claims against the supervisory Defendants must be **DISMISSED without prejudice.**

## IV. Conclusion

For the foregoing reasons, and because it does not appear that the applicable statute of limitations would prevent Plaintiff from refiling his claims, the Court **DISMISSES without prejudice** each of Plaintiff's claims pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 26th day of September, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT